UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSELL GRIGG,<br><br>        Plaintiff<br><br>     v.<br><br>GRIFFITH COMPANY, a California corporation, THOMAS FOSS, and DOES 1 through 50, inclusive,<br><br>        Defendants | CASE NO. 1:13-CV-1379 AWI JLT<br><br>ORDER ON DEFENDANT'S MOTION TO DISMISS<br><br>(Doc. No. 11) |

This is an employment related case brought by Plaintiff Russell Grigg ("Grigg") against his former employer Defendant Griffith Company ("Griffith") and his former supervisor Defendant Thomas Foss ("Foss"). This case was removed from the Kern County Superior Court on the basis of federal question jurisdiction. Foss now moves to dismiss all of the claims against him. For the reasons that follow, the motion will be granted in part and denied in part.

*Background*

Grigg worked for Griffith for 33 years in various positions, but ultimately was promoted to Vice President/District Manager. Over the years, Grigg performed his job well and without difficulty until Foss was promoted as President and CEO of Griffith in January 2011. Once Foss was promoted, Grigg began experiencing difficulties in performing his job, and also began having health problems. Eventually, in October 2011, Grigg notified Griffith that he required a 12 week leave of absence for medical reasons. On December 6, 2011, while still on disability leave, Griffith and Foss terminated Grigg's employment. Following his termination, Grigg unsuccessfully attempted to obtain disability employment benefits from Griffith.

*Foss's Argument*

Foss argues that each of the causes of action alleged against him fail. The contract related claims fail because the Complaint affirmatively shows that any contracts that existed were between Griffith and Grigg. Further, the non-contract related causes of action all fail because none of these causes of action permit individual liability, rather, liability is against the employer only. Since the defects cannot be cured, Foss argues that that dismissal should be with prejudice.

*Plaintiff's Opposition*

Grigg has filed no opposition or response of any kind to Foss's motion.

*Rule 12(b)(6) Framework*

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. Johnson v. Riverside Healthcare Sys., 534 F.3d 1116, 1121 (9th Cir. 2008). To "avoid a Rule 12(b)(6) dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. If a motion to dismiss is granted, leave to amend need not be granted where amendment would be futile. Gompper v. VISX, Inc., 298 F.3d 893, 898 (9th Cir. 2002).

*Discussion*

1. First Cause of Action – Breach of Contract

This claim identifies two agreements, and both agreements were made between Griffith and Grigg, not Foss and Grigg. See Complaint ¶¶ 49, 50, 59, 102. A plaintiff may not maintain a breach of contract claim against a person who is not a party to the contract. Tri-Content Inter'l Corp. v. Paris Savings & Loan Assn., 12 Cal.App.4th 1354, 1359 (1993); Henry v. Associated Indem. Corp., 217 Cal.App.3d 1405, 1416-17 (1990). Since the Complaint shows that Foss was not a party to the contracts, dismissal with prejudice of this cause of action is appropriate. See id.

2. Second Cause of Action – Cal. Labor Code § 203

Labor Code § 203 imposes liability on "an employer" who fails to timely pay the wages of a discharged employee. See Cal. Lab. Code § 203(a). Labor Code § 203 does not impose liability on the supervisors or agents of an employer. See Jones v. Gregory, 137 Cal.App.4th 798, 804-05 (2006); Wagner v. Lim, 2005 Cal.App. Unpub. 2424, *11-*13 (March 11, 2005);[1] see also Reynolds v. Bement, 36 Cal.4th 1075, 1087 (2005) ("Under the common law, corporate agents acting within the scope of their agency are not personally liable for the corporate employer's failure to pay its employees' wages."). Here, the Complaint alleges that Foss is an officer of Griffith, and it is clear that Griffith, not Foss, was Grigg's employer. In the absence of an opposition from Grigg, dismissal with prejudice of this cause of action is appropriate. See id.

3. Third Cause of Action -- ADEA (29 U.S.C. § 621 et seq.) and FEHA (Cal. Gov't Code § 12940 et seq.)

There is no individual liability under the ADEA. See Miller v. Maxwell's Int'l, Inc., 991 F.2d 583, 587-88 (9th Cir. 1993). Similarly, where an individual does not meet the definition of employer, there is no individual liability under FEHA for either discrimination or retaliation. Jones v. Lodge at Torrey Pines Partnership, 42 Cal.4th 1158, 1173 (2008) (retaliation); Reno v. Baird, 18 Cal.4th 640, 663 (1998) (discrimination). Here, the Complaint shows that Foss is an officer of Griffith and was not Grigg's employer. Therefore, Foss cannot be liable under either the FEHA or the ADEA. See id. Dismissal with prejudice of this claim is appropriate.

4. Fourth Cause of Action -- FMLA (29 U.S.C. § 2601 et seq.) and CFRA (Cal. Gov. Code § 12945.2 et seq.).

As to the CFRA, individual supervisors may not be held liable under the CFRA. See Lewis v. Home Depot U.S.A., Inc., 2013 U.S. Dist. LEXIS 31123, *3-*9 (N.D. Cal. Mar. 6, 2013); Corrales v. United Rentals Inc., 2010 U.S. Dist. LEXIS 58370, *5-*7 (C.D. Cal. May 28, 2010); McLaughlin v. Solano County, 2008 U.S. Dist. LEXIS 64457, *6 (E.D. Cal. July 28, 2008); Miskuski v. Crescent Heights of America, Inc., 2007 U.S.Dist. LEXIS 37223, *14 (S.D.

---

[1] This Court is not bound by state rules regarding unpublished cases, and may consider unpublished cases as persuasive authority. Employers Ins. of Wausau v. Granite State Ins. Co., 330 F.3d 1214, 1220 n.8 (9th Cir. 2003); Altman v. HO Sports Co., 821 F.Supp.2d 1178, 1189 n.14 (E.D. Cal. 2011).

3

Cal. 2007); Nazir v. United Airlines, Inc., 178 Cal. App. 4th 243, 287 (2009). Because Foss is an officer of Griffith, dismissal with prejudice of the CFRA claim is appropriate. See id.

As to the FMLA, the FMLA prohibits "employers" from interfering with FMLA rights, and defines "employers" to include "any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer." 29 U.S.C. §§ 2611(4)(A)(ii)(l), 2615(a). Under this definition of "employer," supervisors and corporate officers may be held individually liable. See Haybarger v. Lawrence Cnty. Adult Prob. & Parole, 667 F.3d 408, 414 (3d Cir. 2012); Modica v. Taylor, 465 F.3d 174, 186 (5th Cir. 2006); Mitchell v. Chapman, 343 F.3d 811, 827-28 (6th Cir. 2003) (and cases cited therein); Sutton v. Derosia, 2012 U.S. Dist. LEXIS 147434, *18-*19 (E.D. Cal. Oct. 12, 2012); Morrow v. Putnam, 142 F.Supp.2d 1271, 1275-76 (D. Nev. 2001); Mercer v. Borden, 11 F.Supp.2d 1190, 1191 (C.D. Cal. 1998). Here, Foss is the President and CEO of Griffith, and is alleged to have directed the termination of Grigg while Grigg was on disability leave. See Complaint ¶¶ 14, 94. Because Foss is an officer of Griffith who directed Grigg's termination, the Complaint indicates that Foss may be held individually liable under the FMLA. See Mitchell, 343 F.3d at 827-28 (and cases cited therein); Sutton, 2012 U.S. Dist. LEXIS 147434 at *18-*19; Mercer, 11 F.Supp.2d at 1191. Dismissal of this claim is not appropriate.[2]

     5.     Fifth Cause of Action – Breach of the Implied Covenant of Good Faith

A plaintiff may not maintain a claim for breach of the implied covenant of good faith against a person who was not a party to an underlying contract. See Smith v. City and County of San Francisco, 225 Cal.App.3d 38, 49 (1990); Henry, 217 Cal.App.3d at 1416-17. Here, because the contract identified under this cause of action is an employment contract with Griffith, see Complaint ¶ 102, Foss is not a party to that contract and could not have breached the implied covenant of good faith. See Smith, 225 Cal.App.3d at 49; Henry, 217 Cal.App.3d at 1416-17. Dismissal with prejudice of this cause of action is appropriate. See id.

---

[2] Foss cites a single case, *McLaughlin v. Solano Cnty.*, for the proposition that the FMLA does not impose individual liability. *McLaughlin*, however, dealt with a public employee supervisor, not a private employee officer like Foss. See *McLaughlin,* 2008 U.S. Dist. LEXIS 64457 at *6. *McLaughlin* is plainly not on point, and there is a split of authority with respect to FMLA liability for public employees. Cf. Haybarger, 667 F.3d at 414. As cited above, there are numerous cases that rely on the FMLA's definition of "employer" to hold that individuals may be liable under the FMLA. Although the Ninth Circuit may not have addressed the matter, the clear majority position is that individual liability is possible under the FMLA.

4

6. <u>Sixth Cause of Action – Wrongful Termination In Violation Of Public Policy</u>

The California Supreme Court has held that an "individual who is not an employer cannot commit the tort of wrongful discharge in violation of public policy . . . ." <u>Miklosy v. Regents of Univ. of Cal.</u>, 44 Cal.4th 876, 900-01 (2008); <u>Lloyd v. County of Los Angeles</u>, 172 Cal.App.4th 320, 330 (2009). Here, the Complaint makes it clear that Griffith was Grigg's employer, and that Foss cannot be held liable for this tort. <u>See</u> <u>id.</u> Dismissal with prejudice of this cause of action is appropriate. <u>See</u> <u>id.</u>

7. <u>Seventh Cause of Action – Declaratory Relief</u>

This cause of action seeks to establish a violation of Griffith's Management Bonus Plan ("MBP") and Employee Stock Ownership Plan ("ESOP"), both of which applied to Grigg. The MBP and the ESOP are the agreements at issue under the first cause of action for breach of contract. <u>See</u> Complaint ¶¶ 48-65. Defendants argue that this claim is fully covered by the first cause of action, and thus, declaratory relief is neither appropriate nor available.

Declaratory relief is intended to settle controversies before harm occurs, it is not meant to remedy harms that have already occurred. <u>County of San Diego v. California</u>, 164 Cal.App.4th 580, 607-08 (2008). Where a party has a fully matured cause of action for money, the party must seek the remedy of damages and not pursue declaratory relief. <u>Britz Fertilizers, Inc. v. Bayer Corp.</u>, 665 F.Supp.2d 1142, 1173 (E.D. Cal. 2009); <u>Canova v. Trustees of Imperial Irrigation Dist.</u>, 150 Cal.App.4th 1487, 1497 (2007)).

Grigg does not respond to Defendants' characterization of the seventh cause of action. In the absence of an opposition, the Court reads the seventh cause of action as subsumed by the first cause of action. Because Grigg has a fully matured breach of contract claim, declaratory relief is not available. Dismissal with prejudice of this cause of action as to all Defendants is appropriate. <u>See</u> <u>Britz Fertilizers</u>, 665 F.Supp.2d at 1173; <u>County of</u> <u>San Diego</u>, 164 Cal.App.4th at 607-08; <u>Canova</u>, 150 Cal.App.4th at 1497.

*Conclusion*

Foss moves to dismiss each of the alleged causes of action against him. Grigg has failed to file an opposition or respond in any way. As discussed above, all but one cause of action fail to

allege a viable claim against Grigg, The one exception is the fourth cause of action for violation of the FMLA because corporate officers may be held individually liable under that statute.  Thus, the FMLA claim will not be dismissed.  However, all other claims against Foss will be dismissed with prejudice because amendment would be futile.  Additionally, because the seventh cause of action appears to be subsumed by the first cause of action, Grigg's claim for declaratory relief will be dismissed with prejudice as to all Defendants.

## **ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to dismiss the fourth cause of action against Foss for violation of the FMLA is DENIED;
2. Plaintiff's motion to dismiss the first, second, third, fifth, and sixth causes of action, as well as the fourth cause of action for violation of the CFRA, is GRANTED and those claims are DISMISSED WITH PREJUDICE as to Defendant Thomas Foss;
3. The seventh cause of action is DISMISSED without leave to amend as to all Defendants; and
4. Defendants shall file an answer or other appropriate response within fourteen (14) days of service of this order.

IT IS SO ORDERED.

Dated:   October 22, 2013

SENIOR  DISTRICT  JUDGE