Jeffrey L. Wise, Esq.: SBN 198725
**WISE LAW OFFICE**
1711 California Avenue
Bakersfield, California 93304
Telephone: (661) 327-0622
Facsimile: (661) 328-9977

Attorney for Plaintiff, Russell Grigg

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSELL GRIGG,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>GRIFFITH COMPANY, A California Corporation, and DOES 1 through 15, inclusive,<br><br>　　　　Defendants. | Case No.: 1:13-CV-01379-AWI-JLT<br><br>[Kern County Superior Court<br>　Case #S-1500-CV-279813 DRL]<br><br>**REPLY TO COURT ORDER RE: ADDED BRIEFING ON ISSUE** |

## INTRODUCTION/STATEMENT OF FACTS

Griffith Company asserts that the Management Bonus Plan is an ERISA "top hat" plan due to the Plan's attempt to categorize the holding of funds identified as bonus pay for future payout as "deferred compensation". However, such is not the case. Under the language of the plan, and the arguments presented by Griffith, their argument is internally flawed, as it requires an initial finding that the pay was "compensation" which is then deferred, but then claims that it the funds are unvested and unearned, such that they can rescind the policy or otherwise be forfeited by the employee for failing to perform certain required acts.

**OPPOSTION TO MOTION TO DISMISS**

# POINTS AND AUTHORITIES

## GRIFFITH'S MOTION IS UNTIMELY AND WAIVES OBJECTIONS

Contrary to the assertions of Griffith, the original Motion to Dismiss filed exclusively by Defendant Foss, and the resultant Order on the Motion, were limited to Foss. Inclusive in the language of the Order, the Court directed Foss to answer within the specified time period. Prior to said Order, Griffith having not timely responding to the service of the Complaint, lost the option of the rule 12(b)(6) motion. The effort to now ask the Court to reconsider the motion as if a Rule 12(c) motion instead fails and is improper, as Plaintiff has not had an opportunity to brief such an argument. It is also worth noting that the Complaint in this matter was drafted and filed in State Court, with different pleading requirements, and Plaintiff should be allowed to amend the Complaint to comply with pleading requirements herein, if a 12(c) motion is considered.

## I
## THE MBP IS NOT AN ERISA PLAN, AND GRIFFITH'S ARGUMENTS THEREFORE FAIL

**A.  Determination of the Status of the Plan as ERISA is a Question of Fact**

Within Griffith's Points and Authorities in support of the Motion, they cite _Reliable Home Health Care, Inc. v. Union Cent. Ins. Co.,_ 295 F.3d 505 (5th Cir. 2002), for the proposition that the MBP is a "top hat" plan and is preempted by ERISA.  However, within the Reliable Home Health Care case, the Court also notes that, "The existence of an ERISA plan is a question of fact. *See _Gahn v. Allstate Life Ins. Co.,_ 926 F.2d 1449 (5th Cir.1991).*" (Id at 510)

In the present matter, determination of the status of the MBP as ERISA or not, being a question of fact, is not appropriate for a Rule 12(b)(6) motion, and Plaintiff would need to conduct discovery to determine the application of the rules defining a "top hat" plan, and Griffith's compliance with those requirements, before such a finding can be asserted and determined. Thus, the Motion must be denied.

**B.    The MBP is Not an ERISA Plan—Not a "Deferred Compensation Plan", and is Not a "Top Hat" Plan Under ERISA**

The threshold question that must be answered is whether or not the MBP is even an "ERISA" Plan. Despite Griffith's attempts to define it as such, even going to great lengths to include language in the MBP normally found in ERISA plans, the simple fact is that a Bonus Plan is NOT an ERISA Plan covered in the umbrella of the Act.

ERISA is codified at 29 U.S.C. §1001, et seq. At the introduction, the legislature identified a clear intent that the Section be related specifically to retirement and post work compensation or care issues. (29 U.S.C. §1001). Griffith has failed to explain ***how a Bonus Plan relates to retirement or welfare, as required by the terms of ERISA to be an ERISA covered plan.***

Griffith notes that "A top hat plan is defined as a plan "which is unfunded and is maintained by an employer primarily for the purpose of providing deferred compensation for a select group of management or highly compensated employees." (*Gilliam v. Nev. Power Co.*, 488 F.3d 1189, 1192-93 (9th Cir. 2007) [citing 29 U.S.C. §§ 1051(2), 1081(a)(3), 1101(a)(1)].)  ERISA defines a top-hat plan as an unfunded nonqualified retirement plan established and maintained "primarily" for the purpose of providing deferred compensation for a "select group of management" or "highly compensated employees." The general rule is that ERISA only governs an employment based plan that provide a retirement benefit or a health or other welfare benefit.

Section 1002(2) defines an "employee pension benefit plan" for purposes of ERISA as a plan that expressly or as a result of surrounding circumstances, either "provides retirement income to employees" or "results in a deferral of income by employees for periods extending to the termination of covered employment or beyond ." 29 U.S.C. § 1002(2)(A). The Ninth Circuit has held that a pension plan for purposes of ERISA is established "if a reasonable person could ascertain the intended benefits,

beneficiaries, source of financing, and procedure for receiving benefits" *Modzelewshi v. Resolution Trust Corp.,* 14 F.3d 1374, 1376 (9th Cir.1994). Although the plan need not expressly refer to ERISA, it must possess a retirement purpose and systematically provide for deferred income. *Segovia v. Shoenmann (In re Segovia),* 404 B.R. 896, 922 (N.D.Cal.2009). ***Courts have consistently held that plans created to incentivize performance and not provide retirement income, such as the MBP in this case, are not ERISA plans*.** See, e.g., id; see also *Inman v. Klockner–Pentaplast of America, Inc.,* 467 F.Supp.2d 642, 653 (W.D.Va.2006); *Roderick v. Mazzetti & Ass'ns, Inc.,* Case No. C 04–2436, 2004 WL 2554453 at *9 (N.D.Cal.2004).

The inherent problem with Griffith's plan is it is NOT a "retirement plan", or a "deferred compensation plan" as contemplated and required to be an ERISA plan. Simply put, the "deferral" is not related to retirement, nor is it "deferred compensation" as required to be ERISA. In reality, it is simply a bonus plan, whose payout and structure is not related to, nor governed by, a participant's retirement status. Under the terms of the MBP, the funds are paid out over a prescribed period of time relative to their identification within the plan—NOT in conjunction with a retirement or for a welfare plan.

**C.     The MBP Itself Defines it as a Contract Provision, and Properly Asserted As State Action (non ERISA)**

Within the MBP, the language itself defines it as a Contract provision of the employment. (Plan Documents, Declaration of Gordon Csutack, p. 10, Sectin A.1.) Additionally, the MBP specifically addresses court jurisdiction, forum and enforcement. As such, Griffith clearly contemplated, and understands that the MBP is NOT an ERISA plan.

## II

## THE FIFTH CAUSE OF ACTION FOR BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING IS NOT PREEMPTED

Griffith has sought to have the Fifth Cause of Action dismissed within its Motion, but has failed to state a basis for doing so. It is assumed that Griffith is attempting to ride the coattails of the ERISA preemption issues, and get the state law claims dismissed. Simply put, the Breach of Good Faith claims exist based upon the actions of Griffith towards Plaintiff, and are unrelated to issues of benefits under either the MBP or ESOP. As such, and effort to assert a relationship is misguided, and the request must be denied.

**CONCLUSION**

Because the MBP is simply not an ERISA plan, it is a contractual issue, and therefore the Motion to Dismiss that cause of action must be denied. Similarly, California Wage and Hour law, i.e. Labor Code §200 claims based upon bonuses is not preempted, and the Motion to Dismiss that cause of action must also be denied. Based on the foregoing Points and Authorities, the Court's records and files, and any other oral or written evidence which may be presented, Plaintiff respectfully requests that Defendant Griffith's Motion to Dismiss be DENIED.

Dated: December 18, 2013					WISE LAW OFFICE

						By:_____/S/_____
						    JEFFREY L. WISE, Esq.